IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. |
| | ) | |
| DUSTIMILLER JOHN, | ) | |
| aka DUSTMILLER JOHN, | ) | |
| aka JOHN DUSTIMILLER, | ) | |
| | ) | |
| Defendant. | ) | |

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Jennifer L. McHugh, being duly sworn, hereby deposes and says that:

1. I am a Special Agent of the United States Department of State, Diplomatic Security Service (hereinafter "DSS"), and am assigned to the Criminal Investigations Division, Visa Fraud Branch, located in Rosslyn, Virginia. I have been employed as a Special Agent with DSS since September 30, 2002. Prior to that time, I served as the Anti-Fraud Investigator for the Consular Visa Issuance Section of the U.S. Embassy in Islamabad, Pakistan. I am empowered to investigate criminal violations of the laws governing the issuance of passports, visas, and other travel documents utilized to transit international borders. I also investigate criminal acts involving malfeasance of United States Government employees involved in the issuance of United States visas, possession or use of counterfeit or altered visas, and the unlawful solicitation of United States Government employees to engage in the illegal issuance of United States visas. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program, and I have received specialized training in the investigation of visa and passport fraud.

2. This affidavit is in support of a criminal complaint charging Dustimiller John, also known as Dustimiller John and John Dustimiller, a citizen of Sri Lanka, with unlawfully and knowingly presenting and causing to be presented immigration documents containing false statements, in violation of Title 18 United States Code Sections 1546 and 2.

3. The information contained in this affidavit is based on my personal knowledge, observations and interviews conducted during the course of this investigation, information conveyed to me by other law enforcement officials and my review of records, documents and other physical evidence obtained during the investigation. This affidavit contains information necessary to support probable cause for this application. This affidavit does not intend to include every fact and matter observed by me or known by the government; however, no information known to me that would tend to negate probable cause has been withheld from this affidavit.

4. On or about October 12, 2004, Dustimiller John submitted a fraudulent application and fraudulent supporting documents to the Consul General at the U.S. Embassy in Riyadh, Saudi Arabia, for the purpose of obtaining an A-3 visa.[1] In his visa application, Mr. John stated that he intends to live with and work for "Sultan Al Daham" at "2000, North 14th Street, Courthouse Place Suite: 770, Arlington, Verginia (sic), U.S.A." Mr. John provided (202) 686-4491 and (571) 214-3068 as Mr. Al Daham's U.S. contact numbers. Mr. John submitted letters in support of his visa application that were written on what appeared to be Embassy of Saudi Arabia letterhead and displayed the impressions of what appeared to be official Saudi Embassy

---

[1] A U.S. Embassy issues an A-3 visa abroad to an alien who is going to be employed within the United States as a household domestic or caregiver of a foreign diplomat assigned in an official capacity to a diplomatic mission within the United States.

2

stamps. These letters, which were dated August 17, 2004, and October 11, 2004, and signed by Sa'ad Al-Enazi, Consul, certified that Mr. John intended to come to the United States to work for Mr. Al Daham, who was employed as a Medical Attache (North America) at the Royal Embassy of Saudi Arabia in Washington, D.C. The October 11, 2004, letter bore a header from a facsimile transmission indicating its origin as (202) 686-4491 and the "R E Saudi Arabia". Mr. John also submitted an "Agreement for Housekeepr (sic) Employment" signed by Sultan Al Daham on July 14, 2004, which purported to represent a contract for Mr. John to work as a housekeeper for Mr. Al Daham at 2000 North 14th Street, Courthouse Place, Suite 770, Arlington, Virginia. U.S. Embassy Riyadh visa-adjudicating officials initially refused Mr. John's visa request pending his submission of additional documentation.

5. On or about October 22, 2004, the U.S. Embassy Riyadh received another letter in support of Mr. John's application that also bore a header from a facsimile transmission indicating its origin as (202) 686-4491and the "R E of Saudi Arabia." The facsimile consisted of a letter which again was written on what appeared to be Saudi Embassy letterhead and displayed the impression of what appeared to be an official Saudi Embassy stamp. The letter confirmed that Mr. Al Daham, the Medical Attache at the Saudi Embassy, had employed Mr. John in his household in the United States and "is urgently in need" of his services, indicated that Mr. John's local Saudi sponsor previously had provided a "[n]o objection letter," and requested that he be issued an A-3 visa. The letter provided (202) 686-4491 as a contact number for Mr. Al

Daham. The letter again was signed by Sa'ad Al-Enazi, Consul.[2] U.S. Embassy Riyadh visa-adjudicating officials subsequently issued a visa to Mr. John on November 3, 2004.

6. Your affiant has confirmed through U.S. Department of State Office of Foreign Missions and the Office of Protocol that neither a Mr. Sultan Al Daham nor a Mr. Sa'ad Al Enazi holds a diplomatic visa or is a registered employee of the Saudi Embassy or any other embassy.[3] Your affiant also has determined that (202) 686-4491, the number listed on Mr. John's visa application and in the supporting documents as a contact number for his purported employer, and the number from which the October 11, 2004, and October 22, 2004, facsimiles were transmitted, is assigned to the Embassy of Jordan, located in Washington, D.C. The second employer contact number listed on Mr. John's visa application is a cellular phone subscribed to S-1, an individual other than Mr. Al Daham, at an address different than that provided for Mr. Al Daham. A call placed to this cellular phone number in early January 2005 elicited a voice mail message in the name of S-2, yet another individual. Your affiant has confirmed through U.S. Department of State Office of Foreign Missions and the Office of Protocol that neither S-1 nor S-2 is a registered employee of the Saudi Embassy. Indeed, your affiant has determined that both S-1 and S-2, who also are Sri Lankan citizens, successfully obtained diplomatic visas to work for non-existent Saudi diplomats. Your affiant also has determined that the address listed on Mr. John's visa application as the location where he will live and work is not a residence, but

---

[2] Each of the documents submitted in support of Mr. John's visa application referred to him by his alias, John Dustimiller.

[3] An employee listing for the Saudi Embassy includes a diplomat with the surname of Al-Enazi whose middle initial is "S"; however, that individual has a different first name and a different title. Moreover, the title of "Consul" is not assigned to any of the diplomats listed.

4

an office suite that has been occupied by an information technology consulting business since January 2004, and formerly was occupied by the Jordan Tourism Board.

7. On May 14, 2005, Dustimiller John arrived in Los Angeles, California on a flight that originated in Colombo, Sri Lanka.[4] Mr. John was detained upon attempting to clear customs, and in a subsequent interview, Mr. John stated that he believed he had a legitimate job. However, Mr. John's actions after receiving his visa appear inconsistent with those of someone who believed they had a legitimate job. In October 2004, Mr. John submitted documents at the U.S. Embassy in Riyadh in support of his visa application from his purported employer stating that the employer was "urgently in need" of his services, as well as a letter granting permission from his then-employer to travel to the United States and further indicating that his contract expired in November 2004.[5] Mr. John, however, delayed his arrival to the United States for *seven months.*

8. Venue is proper in the District of Columbia under Title 18 United States Code Section 3237(a) because acts in furtherance of the offense, specifically, the transmission of documents in support of Mr. John's visa application via facsimile, occurred in the District of Columbia. Venue also is proper in the District of Columbia under Title 18 United States Code Section 3238, as Mr. John has not yet been arrested on this charge and has no known residence in the United

---

[4]   Mr. John's ticket terminated at Washington Dulles airport.

[5]   Among the documents provided by Mr. John in support of his visa application was a certificate of employment, dated October 10, 2004, from Mr. John's current employer indicating that he was employed on a 12 month renewable contract whose current term was to expire November 25, 2004. The certificate further stated that it was issued "at the employee request for NO OBJECTION TO VISIT SULTAN AL DAHAM (Medical Attache) (North America) Royal Embassy of Saudi Arabia - Washington DC USA."

5

States. In the case of such an offender, Title 18 United States Code Section 3238 provides that an indictment or information may be filed in the District of Columbia.

    9. Based upon the foregoing, your affiant submits there is probable cause to believe that between on or about October 6, 2004, and November 3, 2004, Dustimiller John did unlawfully and knowingly present and cause to be presented immigration documents containing false statements, in violation of Title 18, United States Code, Sections 1546 and 2.

                                                                                                       _____
                                                                                                        Jennifer L. McHugh
Special Agent
Diplomatic Security Service
U.S. Department of State

Sworn to and subscribed before
me this \_\_\_\_ day of June 2005.

_____
UNITED STATES MAGISTRATE JUDGE

6