# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 05-415 (RJL) |
| | : | |
| DUSTIMILLER JOHN, | : | |
| also known as DUSTMILLER JOHN, | : | |
| also known as JOHN DUSTIMILLER, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S PROPOSED PRELIMINARY STATEMENT, VOIR DIRE QUESTIONS AND JURY INSTRUCTIONS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully proposes the following preliminary statement, voir dire questions, and jury instructions:

### PRELIMINARY STATEMENT

This is a criminal case in which the defendant is charged with knowingly presenting an immigration document containing a false statement.  The charges arise from an allegation that on or about October 6, 2004, and continuing to November 3, 2004, the defendant submitted an application for a nonimmigrant visa and supporting documents to the U.S. Embassy in Riyadh, Saudi Arabia, knowing that those documents contained false statements, specifically, that he intended to work in the United States for a Saudi diplomat and live at that diplomat's residence.

The defendant denies these charges.

-2-

## PROPOSED VOIR DIRE QUESTIONS

1.  **Based on this information, does any member of the jury panel believe that he or she knows anything about this case?**

2.  **Is there anything about the nature of the charges in this case that might affect your ability to render a fair and impartial verdict if you are chosen as a juror?**

3.  **The United States is represented by Assistant United States Attorney Angela Schmidt. [Introduction of the defendant.] The defendant is represented by David Bos. Does any member of the panel know any of the parties or legal representatives of the parties in the case?**

4.  **During the presentation of evidence by the United States, you may hear testimony from or about the following persons: [List to be provided at trial.]**

5.  **The defendant is presumed innocent of the charges against him and has no obligation to call any witnesses. The defendant may or may not call some or all of the following witnesses. [Introduction of potential defense witnesses, if any.] Does any member of the panel know any of the prospective witnesses in the case?**

6.  **One of the issues you will be asked to decide in this case is whether the defendant made certain statements knowing them to be false. Someone's knowledge ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind. But you may infer someone's knowledge from the surrounding circumstances, and from statements made or acts done or omitted by a person. Is there any member of jury panel that has any difficulty understanding or applying this rule?**

–3–

7.  Some of the witnesses in this case are law enforcement officers.  Have any of you, any members of your family, or any close friends, had an experience with any law enforcement, or police officer, or with any person associated with or employed by the United States Attorney's Office or the Court, which would make it difficult for you to sit as a juror in this case?  (Answers to be taken at the bench.)

8.  The government alleges that the events in this case occurred in Riyadh, Saudi Arabia.

a.  Have any of you ever traveled to Saudi Arabia for business or pleasure?

b.  Do any of you work with someone, or have a relative or close friend, who was born or has lived in Saudi Arabia?

c.  If your answer is yes, would that fact affect your ability to decide this case based solely on the evidence presented to you in court?

d.  Would that fact make it difficult for you to sit as a juror in this case?

9.  Have you or any of your relatives or any close friends ever worked, in any capacity, for any type of law enforcement agency, including: the Department of State, Immigration and Customs Enforcement, Customs and Border Protection, the Federal Bureau of Investigation, the United States Secret Service, the Internal Revenue Service, the Metropolitan Police Department, the United States Marshal Service, and any other law enforcement agency?

a.    If the answer is yes, what was the nature of the employment?

b.    Would your experience or that of your friends or relatives make it difficult for you to sit as a juror in this case?

– 4 –

10.  Have you or any of your relatives or any close friends ever worked, in any capacity, in the correctional system?  This would include a prison, jail, department of corrections, probation office or parole agency.

      a.    If the answer is yes, what was the nature of the employment?

      b.    Would your experience or that of your friends or relatives make it difficult for you to sit as a juror in this case?

11.  Have you or any of your relatives or any close friends ever worked, in any capacity, with or for a defense attorney or an investigator working for a defense attorney?

      a.    If the answer if yes, what was the nature of the employment?

      b.    Would this employment make it difficult for you to sit as a juror in this case?

12.  Have you or any of your relatives or any close friends ever worked, in any capacity, with or for an agency or attorney, whether private or government, that handles immigration cases or advocates on immigration issues?

      a.    If the answer if yes, what was the nature of the employment?

      b.    Would this employment make it difficult for you to sit as a juror in this case?

13.   Are you or any of your relatives or close personal friends members of an organization that advocates on immigration issues?

14.  Has any member of the jury panel, or any of your immediate family members or close friends, studied law or had any legal training?

      a.    If the answer is yes, what was the nature of the studies or training?

–5–

      **b.**      **Would this study or training affect your ability to follow the Court's instructions as to the law that should be applied in this case?**

**15.  Has any member of the jury panel ever served as a juror in the trial of a criminal case?  Is there anything about your prior experience as a juror that would make it difficult for you to sit as a juror in this case?**

**16.  Has any member of the jury panel ever served as a grand juror?  Is there anything about your prior experience as a grand juror that would make it difficult for you to sit as a juror in this case?**

**17.  Do any of you have any experience with, or opinions about, the enforcement of the immigration laws that would make it difficult for you to sit as a juror in this case?  (Answers to be taken at the bench.)**

**18.  Do any of you know someone who may have made a false statement in order to obtain a government benefit of any kind?  (Answers to be taken at the bench.)**

      **a.**      **If the answer is yes, what was the nature of the false statement, and for what type of benefit was it made?**

      **b.**      **Would your knowledge of, or feelings about, this incident make it difficult for you to sit as a juror in this case?**

**19.  Has any member of the jury panel, or any of your relatives or close friends, been a witness to, a victim of, or arrested for and/or charged with a crime within the last 10 years? (Answers to be taken at the bench.)**

**20.   Is there any member of the jury panel who has any moral, religious or philosophical convictions which would make it difficult for you to pass judgment on another**

–6–

person or to render a judgment in this case based solely upon the evidence presented during the trial?  (Answers to be taken at the bench.)

21.  Are there any among you who has a hearing problem such that it would make it difficult for you to hear tape recordings, or an eyesight problem which would make it difficult to view projections of photographs, all of which may be presented as part of the evidence in this case?

22.  Do any of you have an illness, or other medical condition which would make it difficult for you to sit as a juror?  (Answers to be taken at the bench.)

23.  Do any of you need to take any medication which might cause drowsiness or otherwise make it difficult for you to remain alert and attentive during these proceedings? (Answers to be taken at the bench.)

24.  The trial is expected to last approximately three days.  Is there any member of the jury panel who has an urgent or extremely important matter to attend to such that he or she would be faced with a hardship if selected for the jury in this case?  (Answers to be taken at the bench.)

25.  Do any of you know of any reason whatever, even if not covered by the Court's questions, why you could not or should not sit as a juror in this case or why you could not render a fair and impartial verdict based upon the evidence and the law as you shall hear it? (Answers to be taken at the bench.)

– 7 –

## PROPOSED JURY INSTRUCTIONS

**General Instructions**
**1.03  Preliminary Instruction to Jury Before Trial**
**1.05  Cautionary Instruction Prior to First Recess**
**1.07  Question Not Evidence**
**1.22  Juror's Recognition of Witness or Other Party**
**2.01  Function of Court**
**2.02  Function of Jury**
**2.03  Jury's Recollection Controls**
**2.04  Evidence in Case**
**2.05  Statements of Counsel**
**2.06  Indictment Not Evidence**
**2.07  Inadmissible and Stricken Evidence**
**2.08  Burden of Proof - Presumption of Innocence**
**2.09  Reasonable Doubt**
**2.10  Direct and Circumstantial Evidence**
**2.11  Credibility of Witnesses**
**2.13  Number of Witnesses**
**2.14  Nature of Charge Not to be Considered**

**Evaluating Testimony And Evidence**
**2.26  Police Officer's Testimony**
**2.27  Right of Defendant Not to Testify**
**    (or 2.28  Defendant as Witness)**

**Definitions**
**3.02  Proof of State of Mind**
**3.07  "On or About" – Proof of**
**3.11  Consensual Tape Recording (if appropriate)**

**Closing Remarks**
**2.71  Selection of Foreperson**
**2.72  Unanimity of Verdict**
**2.73  Exhibits During Deliberations**
**2.74  Possible Punishment Not Relevant**
**2.75  Communications Between Court and Jury During Jury's Deliberations**
**2.76  Furnishing the Jury with a Copy of the Instructions**

–8–

## FALSE STATEMENT ON IMMIGRATION DOCUMENT (18 U.S.C. §1546(a))

The defendant is charged with knowingly presenting an immigration document containing a false statement. In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant presented an application for a nonimmigrant visa or other document required by the immigration laws or regulations prescribed thereunder;

Second, that application or other document contained a false statement;

Third, the false statement was with respect to a material fact;

Fourth, the defendant acted knowingly.

A statement is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the decision maker to which it was addressed.

A false statement is made "knowingly" if the defendant knew that it was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth. Guilty knowledge cannot be established by demonstrating mere negligence or even foolishness on the part of the defendant, but it may be satisfied by proof that the defendant deliberately closed his eyes to what otherwise would have been obvious to him. Thus, if you find that the defendant acted with reckless disregard of whether the statements made in his visa application and supporting documents were true, and with a conscious purpose to avoid learning the truth, the requirement of knowledge might be found to be satisfied, unless the defendant actually believed that the statements were true.

*See* First Circuit Pattern Criminal Jury Instruction 4.15; *United States v. Gallo*, 543 F.2d 361, 366-69 (D.C. Cir. 1976); *United States v. Mellen*, 393 F.3d 175, 181 (D.C. Cir. 2004).

– 9 –

Respectfully submitted,
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY


_____

ANGELA G. SCHMIDT
Texas Bar No. 17764980
Assistant United States Attorney
555 Fourth Street, N.W., 4th floor
Washington, D.C. 20530
(202) 514-7273