IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 05-415 (RJL) |
| DUSTIMILLER JOHN, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS**

Defendant, by and through undersigned counsel, hereby requests that in addition to the Court's usual voir dire, including without limitation the Ridley question, that the following questions also be asked of the panel:

1. A fundamental principle of our legal system is that when a person is charged with a criminal offense, he is presumed to be innocent unless and until the government proves guilt beyond a reasonable doubt. Mr. John does not need to produce any evidence whatsoever to prove his innocence. If you are selected as a juror in this case, will you have difficulty applying this rule of law?

2. Do any of you now have any opinion as to Mr. John's guilt or innocence?

3. Do any of you believe that because Mr. John was arrested and charged with a crime, that he is probably guilty of something?

4. How many of you feel that you might have some difficulty presuming that Mr. John is innocent of the charges against him in this case?

5. The government may call the following witnesses: (the government's witness list is read to the jury).

6.  Mr. John is presumed innocent of the charges against him, and has no obligation to call any witnesses. Mr. John may or may not call some or all of the following witnesses: (A list of Mr. John's' possible defense witnesses will be prepared before voir dire.)

    Do any of you know any of the people whose names I have read?

7.  This case involves the charge of presenting an immigration document knowing that statements contained in the document were false. How many of you feel that, because of the nature of the charges in this case, it might be difficult for you to sit as a juror?

8.  Mr. John was born in Sri Lanka and later worked in Saudi Arabia.. Does anyone feel that simply because Mr. John is from Sri Lanka, you might not be able to decide his case fairly? Does anyone feel that simply because Mr. John worked in Saudi Arabia, you might not be able to decide his case fairly?

9.  As residents of a major metropolitan area, many of us are concerned about crime. As jurors in this case, you would be required to set aside your concerns and attitudes on general issues and decide this case independently and solely on the evidence and the instructions as the Court gives them to you. How many of you feel that you might find that difficult?

10. Are any of you, your close family or friends lawyers or law students or have any of you ever studied law in the past?

11. Have any of you, your close family or friends ever worked, either formally or informally, or applied for employment with, a law enforcement agency? By law

enforcement agency I mean organizations such as the Metropolitan Police Department, F.B.I., C.I.A., I.R.S., B.A.T.F., Secret Service, Military Police, U.S. Customs Office, GSA Guards, D.C. building police, private security firms and the like?

12. How many of you (or your close friends or relatives) have been employed by any prison, jail, department of corrections, probation office, or parole agency?

13. Have any of you, or your close or relatives, ever worked for an office that prosecutes people charged with criminal offenses. This would include, for example, the United States Attorney's Office, a State's Attorney's or District Attorney's Office, or the Department of Justice.

14. Have any of you (or your close friends or relatives) ever worked for either a Federal or local court system in any capacity?

15. Have any of you ever served on a grand jury or a petit jury (civil or criminal) in either the Federal or a local or state court system?

16. Have any of you ever sat before on a criminal jury. If so, what kind of case was it and what verdict, if any, did the jury reach?

17. Is there anything about that experience–whether it involved the lawyers, the judge, the accused, the evidence, or your jury deliberations–that makes you feel that you would have trouble being fair and impartial, or that you believe would make it difficult for you to serve as a juror in this case?

18. Have any of you formed any opinions about either prosecutors or defense attorneys which would affect you in deciding this case?

19. How many of you feel that police or prosecutor testimony is more likely to be

        believable or reliable than testimony by another witness?

20. Do any of you (or your close friends or relatives) now, or have you ever, belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, orange hat groups, or any other crime prevention groups?

21. To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict.

22. Does anybody on the jury panel know anybody else on the panel?

23. Would any of you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

24. Do any of you feel that you would tend to go along with the majority of jurors even if you did not agree just because you were in the minority?

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

    /s/
_____
David W. Bos
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208 7500

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Proposed Voir Dire was served by ECF to:

>Angela Schmidt, Esq.
>Office of the United States Attorney
>for the District of Columbia
>555 Fourth Street, N.W.
>Washington, D.C. 20001


>/s/
>_____
>David W. Bos